

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2004

# Shoeb v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Shoeb v. Atty Gen USA" (2004). *2004 Decisions.* Paper 87.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/87

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 03-4359

_____

MOHAMMAD SHOEB,
                                                    Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

Petition for Review of an Order
of the Board of Immigration Appeals
( No. A70-580-231)

_____

Submitted Under Third Circuit LAR 34.1(a)
Date:  November 30, 2004

Before:  RENDELL, ALDISERT and MAGILL[1], Circuit Judges

(Filed: December 10, 2004)

_____

OPINION OF THE COURT

ALDISERT, Circuit Judge

    Petitioner Mohammad Shoeb, a native and citizen of Pakistan, seeks review of a

_____

    [1]The Honorable Frank J. Magill, Senior Judge, U. S. Court of Appeals for the Eighth
Circuit, sitting by designation.

final order of removal issued by the Board of Immigration Appeals ("BIA") on October 24, 2003. The order affirmed the Immigration Judge's ("IJ's") decision to deny Mr. Shoeb's request for asylum and withholding of removal. We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We will deny the petition.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

For a petitioner to establish that he is a refugee eligible for asylum, he must demonstrate that he is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). A petitioner for asylum bears the burden of supporting his claim through credible testimony. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). An adverse credibility finding by the IJ should be supported by specific, cogent reasons for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-162 (3d Cir. 1998). To qualify for withholding of removal, a petitioner must establish that a clear probability exists that his life or freedom would be threatened in Pakistan on account of race, religion, nationality, membership in a particular social group or political opinion. Dia v.

Ashcroft, 353 F.3d 228, 233 n. 1 (3d Cir. 2003).

We conclude that the BIA had a substantial basis to conclude that Shoeb's testimony did not meet his burden of proof because it was vague and meager. Petitioner said very little about his alleged political activities with the Pakistan People's Party ("PPP"), making only a general claim that he urged people to vote for the party. He did not explain why this level of activity would cause the police to arrest him in 1991.

Petitioner did not provide any affidavits or other documents to show that he was a member of the PPP or was ever arrested. He claims that his hands were broken in an attack by Muslim League supporters in 1987, but he presented no proof of that claim. He failed to explain why, if he had been subjected to a political attack in 1987, he did not apply for asylum when he visited the United States in 1998. Shoeb admitted that his trip to the United States in 1991 was not his first, that he had visited in 1988 and had returned to Pakistan without claiming asylum. He also admitted that he had waited two years after arriving in the United States in 1991 before applying for asylum in 1993.

## III.

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We conclude that substantial evidence supported the BIA's order. Accordingly, we will deny the petition for review.